Pratt, J.
The question tried before the jury was whether the plaintiff had substantially performed his contract. They were charged that if the con- " tract was not substantially performed the plaintiff could not recover. If it was, in substance, completed, but some small matters remained undone, they were instructed that (hey might find for plaintiff, and make such deduction from the contract price as would be equal to the deficiency. Upon those instructions the jury found a verdict for the whole sum claimed. To do that they must have found that the contract was fully completed. We think they were justified in so doing. The committee in charge of the work went upon the ground in company with their engineer, under whose instructions it had "been executed, and, after personal inspection, aided by the engineer’s advice, accepted the work as complete. That was cogent evidence of completion. The fact that the engineer and some members of the committee afterwards ■expressed an opinion that the work was not complete, does not conclude the ■ contractor. Ho testimony was excluded that would have tended to show nonperformance of the contract. The court refused to allow evidence to be given that the village board rescinded their resolution accepting the work. The re- ■ covery did not go upon the ground of any estoppel, upon which that evidence might possibly be competent, but upon the ground of complete performance, upon which, if admitted, it would have had no weight. Its exclusion was •therefore no injury to defendants. Judgment affirmed, with costs.
Barnard, P. J., concurs.